[Civ. No. 53392. Second Dist., Div. Four. Mar. 8, 1979.]

FRANCES KALINOWSKI, Plaintiff and Respondent, v.
BOARD OF EDUCATION OF THE ARCADIA UNIFIED SCHOOL
DISTRICT, Defendant and Appellant.

## COUNSEL

Paterson & Taggart and Daniel C. Cassidy for Defendant and Appellant.

Reich, Adell, Crost & Perry, Hirsch Adell and Glenn Rothner for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—A school district appeals from a judgment ordering it to reinstate, with back pay, a school teacher discharged by it. We modify the judgment and affirm it as so modified.

Petitioner had been, for some years, a certified teacher in appellant district. In the summer of 1974, she experienced severe emotional disturbances, as a result of which she was granted a one-year leave of absence for the term beginning in September of 1974, and the district employed a temporary teacher in her place. She was placed on sick leave, which was exhausted by January 31, 1975. On March 4, 1975, the district, acting through its assistant superintendent, wrote to her as follows:

"Mrs. Frances Kalinowski
407 S. Hilborn Avenue
West Covina, CA 91790

"Dear Mrs. Kalinowski:

"We have received a copy of your medical evaluation from Dr. Jack Lindheimer, and a psychological report from Samuel Mayhugh, Ph.D., Licensed Psychologist. The summary sheet was most specific in stating that you are not emotionally well enough to resume your duties as a teacher; that you are in need of on-going care; and that you have been advised by Dr. Lindheimer of this.

"Therefore, in accordance with Education Code Section 13411 (a copy of which is attached) we are taking this means of notifying you that because of your medical condition, as described in the report from Dr. Lindheimer, you are hereby being suspended without pay from the Arcadia Unified School District.

"Sincerely,
"/s/ Elbert E. Souders
"Elbert E. Souders
"Associate Superintendent"

On February 24, 1977, through her attorneys, she requested reinstatement. After negotiations over that request had failed, she filed the present action in mandate on September 8, 1977.

I

It is admitted that due to the failure of the district to follow the procedure set forth in then section 13411 of the Education Code (now § 44942), neither the letter of March 4, 1975, nor the letter of April 1, 1976, was effective to change her status. The district's primary contention

on this appeal is that the teacher's application for, and receipt of, disability benefits effected a retirement by her and thus terminated her employment by the district. We reject that contention.

Prior to 1972 the only relief available to a permanently mentally disabled teacher was to apply for retirement. However, in 1972 the Legislature, as part of a revision of part of the Education Code, adopted an elaborate scheme for a disability allowance, separating retirement for service under (now) section 23901, from disability allowances under (now) section 23902 et seq.[1] The sections that follow differentiate between the allowances payable to a retiree and those payable to a disabilitant, and between the reemployment privileges and rights of a retiree and a disabilitant. The last section of the scheme deals specifically with the status of a teacher on disability allowance. That section (§ 44986) reads as follows:

"The governing board of a school district may grant a leave of absence to any certificated employee who has applied for disability allowance, not to exceed 30 days beyond final determination of the disability allowance by the State Teachers' Retirement System. If the employee is determined to be eligible for the disability allowance by the system, such leave shall be extended for the term of disability, but not more than 39 months.

"Governing boards of school districts shall classify as temporary employees those persons employed to fill vacancies caused by the absence of certificated employees who are classified as permanent and are receiving a disability or insurance allowance or benefit from the system or from a group insurance plan for which the employer is paying the cost or deducting the cost from the employees' salaries.

"For the purposes of this section, the term of employment of the temporary employee shall be equal to the number of days of absence of the employee receiving the disability allowance.

"If the term of employment extends beyond this period, the employee shall be credited for all days served as a probationary employee." ■ From our reading of the entire group of statutory provisions, we conclude that a teacher's application for, and receipt of, a disability allowance does

---

[1]Since the 1977 "Reorganization" of the Education Code did not effect any material change in the sections as they read in 1975 and 1976, we hereafter cite the section numbers in the code as it now exists.

not, by itself, effect a retirement or a termination of her previous status, or her right to seek reinstatement.[2]

## II

As we have pointed out above, the letter of March 5, 1975, while satisfying part of the requirements of section 44942, in that it did state, although in conclusionary terms, the reason for its writing, was not followed by the procedural steps required by that section. Although the teacher did not request a hearing before the board of the district, she was entitled, by the express terms of subdivision (c) of that section, to the appointment of a panel of psychiatrists and she was entitled to receive her "regular salary and all other benefits of employment during the period dating from his [her] suspension to the filing of the report of the panel with the governing board." Since no panel was ever convened, it follows that no report has ever been filed and the teacher's rights, from and after March 5, 1975, are those specifically granted by the quoted words.

■ The district argues that since, by her own admission, the teacher was not available for, and did not seek, reinstatement until February of 1977, she is not entitled to back pay. That argument rests on a series of cases dealing with teachers other than those suffering from mental disability. Here, however, we deal with a specific statute, expressly granting rights during a period when a teacher might eventually be found to be incompetent to perform her duties. Had the district followed the statutory scheme and convened an examining panel, the period for such entitlement might have been short, under subdivision (f) of the section. But the district cannot now set out its own fault to avoid what the statute has expressly given to the teacher. It follows that, even though this teacher was, if we accept as binding the action granting her a disability allowance, incompetent to perform her duties as a teacher, she is, under the special provision applicable to her case, entitled to back pay from and after March 5, 1975.

## III

■ The district, as we understand it, claims that, assuming the teacher is entitled to back pay, it is entitled to a set-off for the disability payments

---

[2]Since we conclude that the application for, and receipt of, the disability allowance did not operate to terminate the teacher's employment, we need not, and do not, determine whether the actions of the district in connection with her application estopped the district from relying on that application as a bar to her reinstatement.

she has received. Although the cases cited by the district deal with situations in which an unlawfully suspended or discharged teacher has received salary for wages from an outside employer, we conclude that the principle of those cases is applicable here. The teacher should not receive double compensation for the same period. Hence, the award of back pay should have provided for the set-off claimed. We modify the judgment accordingly.

## IV

■ The district contends that, because the teacher made no effort to secure reinstatement prior to February of 1977, did not file her present action until September of 1977, and because the district has, in the meantime, employed another teacher in her place, she has been guilty of such laches as to bar both her right to reinstatement and her right to back pay.

That argument rests on the contention that the teacher employed to fill the place of this teacher has, by now, attained the status of a certificated teacher, not dischargeable except for cause. The contention is without merit for two reasons: (1) Under section 44986, above quoted, the replacement teacher has no status other than as a temporary employee until the 39-month period set forth in that section has expired. Here, the replacement was employed on September 14, 1974, this teacher's request for reinstatement was within 29 months of that employment and her filing of the present action was within 36 months of that employment. The district could, lawfully, have terminated the replacement prior to the expiration of the 39-month period; that it did not is not the fault of, or chargeable to, this teacher.

■ (2) The matter of laches is one of fact for a trial court. In the case at bench, the trial court found as follows:

"18. Kalinowski requested in writing to be returned to her employment on February 24, 1977, and again on March 24, 1977. The within action was filed September 2, 1977. This passage of time does not constitute undue delay and the District failed to establish any prejudice to it from Kalinowski's acts.

"19. The District did not rely upon Kalinowski's actions to its detriment in any manner and particularly did not do so as respects the employment of any teachers. No actions were undertaken by the District

in reliance upon any agreement between Kalinowski and the District, and no such agreements were made as regards Kalinowski's suspension, application for a disability allowance, or termination."

Those findings bar the district's reliance here on a claim of laches.

V

Although not carried into the formal judgment, the conclusions of law provide as follows:

"8. A writ of mandate shall issue commanding the District to reinstate Kalinowski with full salary and all other benefits of employment from March 4, 1975 to the date of reinstatement, or, in lieu of reinstatement and if cause exists, take such action pursuant to Education Code § 44942 as may be allowable thereunder." The judgment should be modified to afford the district the opportunity of again invoking, if it desires, the procedure under section 44942.

The judgment is modified to read as follows:

IT IS ORDERED THAT: A peremptory writ of mandate issue under the seal of this court, commanding respondent to reinstate Kalinowski with full salary and all other benefits of employment from March 5, 1975, subject to a deduction for such amounts as she may have received as disability allowances, with the right thereafter, if cause exists, to take such action under Education Code section 44942 as may be allowable thereunder. Neither party shall recover costs on this appeal.

Jefferson (Bernard), J., and Alarcon, J., concurred.